UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MITCHELL J. MAGEE, M.D., et al.<br><br>    Plaintiffs,<br><br>v.<br><br>TEXAS HEART HOSPITAL OF THE SOUTHWEST, L.L.P., et al.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§  CASE NO. 4:16-CV-00717-ALM<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION FOR EVIDENTIARY HEARING ON RELATORS' MOTION FOR STATUTORY FEES AND COSTS**

Defendants respectfully request the Court deny Relators' Motion for an Evidentiary Hearing on Relators' Motion for Statutory Fees and Costs (Dkt. 351) because the issue is not ripe for adjudication. Relators explicitly concede the "ripeness" issue with their hearing request and assert that if "the settlement remains unsigned prior to the hearing, we will let the Court know well in advance so that it can be rescheduled." Dkt. 351 at n.2. Defendants explore this issue in detail below.

The False Claims Act ("FCA") includes a fee-shifting provision that permits a relator who brings successful claims to recover expenses, fees and costs. 31 U.S.C. § 3730(d)(2). Relators are not yet entitled to recover expenses, fees and costs under the FCA because this case has not yet settled (*i.e.*, Relators are not a "person . . . settling the claim" for purposes of 31 U.S.C. § 3730(d)(2)). Again, Relators explicitly concede this point, stating that this "case settled *in principle* on July 2, 2020" and that settlement is "awaiting final approval from the Department of Justice." Dkt. 351 at 1. Indeed, final approval of the settlement agreement has been pending for nearly two months (the parties agreed to settlement terms in September). Thus, contrary to

Relators' naked assertion that final approval "is expected any day," *id*. at 1, the reality is that the parties have not received any specific information from the Department of Justice regarding the expected date of final approval – it could be tomorrow, or it could be next year. In fact, the proposed settlement may not even receive final approval.

A matter "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Likewise, Relators' entitlement to fees and costs under the FCA rests on final approval of a tentative settlement agreement (*i.e.*, contingent future events that may not occur as anticipated, or indeed may not occur at all). The "basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967). Since Relators' entitlement to fees and costs under the FCA depends on an actual, rather than tentative, and approved, rather than consented, settlement, the issue for which they seek a hearing is entirely hypothetical. The matter is therefore not "ripe[1] for decision." Dkt. 351 at 2.

Bottom line, regardless of Relators desire to move quickly to have this issue "fully and finally concluded before the year end," Dkt. 351 at 2, neither Defendants nor Relators have any ability to expedite the Department of Justice's settlement approval process. And until the case is actually settled, the awarding of fees is not ripe and is not properly before this Court.

For the foregoing reasons, Defendants respectfully request the Court deny Relators' Motion for an Evidentiary Hearing on Relators' Motion for Statutory Fees and Costs (Dkt. 351).

---

[1] The issue of ripeneess is "a question of timing." *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974).

Dated: November 25, 2020

Respectfully submitted,

*/s/ Jeff Layne*
R. Jeffrey Layne
Texas Bar No. 00791083
jlayne@reedsmith.com
**REED SMITH LLP**
401 Congress Avenue, Suite 1800
Austin, TX 78701
Tel: (512) 623-1801
Fax: (512) 623-1802

Sarah M. Cummings
Texas Bar No. 24094609
scummings@reedsmith.com
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Tel: (512) 623-1828
Fax: (512) 623-1802

*/s/ Clyde Siebman*
Clyde M. Siebman
Texas Bar No. 18341600
clydesiebman@siebman.com
Elizabeth S. Forrest
Texas Bar No. 24086207
elizabethforrest@siebman.com
**SIEBMAN FORREST BURG & SMITH, LLP**
Federal Courthouse Square
300 N. Travis
Sherman, TX 75090
Tel: (903) 870-0070
Fax: (903) 870-0066

Rodney Acker
Texas Bar No. 00830700
rodney.acker@nortonrosefulbright.com
Jeff Cody
Texas Bar No. 04468960
jeff.cody@nortonrosefulbright.com
James V. Leito IV
james.leito@nortonrosefulbright.com
Texas Bar No. 24054950
**NORTON ROSE FULBRIGHT US LLP**

2200 Ross Ave, Suite 3600
Dallas, TX 75201
Tel: (214) 855-8000
Fax: (214) 855-8200

S. Michael McColloch
Texas Bar No. 13431950
smm@mccolloch-law.com
**S. MICHAEL MCCOLLOCH, PLLC**
3131McKinney Avenue, Suite 600
Dallas, TX 75202
Tel: (214) 643-6055
Fax: (214) 295-9556

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served by electronic mail on November 25, 2020.

*/s/ Jeff Layne*
R. Jeffrey Layne